UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSICA LYNN PETERBURS,

        Plaintiff,

  v.                                        Case No. 23-cv-1212-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. Along with her complaint, she filed an incomplete motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court ordered the plaintiff to submit a complete motion, dkt. no. 4, and the plaintiff complied, dkt. no. 6.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The request indicates that the plaintiff is not employed, she is not married and she has three minor children (two fourteen-year-olds and one seventeen-year-old) she is responsible for

1

supporting. Dkt. No. 6 at 1. The plaintiff's only source of income is child support of $983 per month and food stamps of $500 per month. Id. at 2. The plaintiff's monthly expenses total $4,137 ($1,365 rent, $1,625 other household expenses, $255 car insurance, $450 gas, $250 laundry, hygiene, paper products, $42 health insurance, $150 school expenses). Id. at 2-3. The plaintiff owns a 2015 Chevy Captiva worth approximately $5,000, she does not own her home or any other property of value, and she indicates that she has no cash on hand and a negative balance in her checking or savings account. Id. at 3. The plaintiff states, "My family & friends help me pay my living expenses as I cannot work due to my disability. I only receive child support and food stamps." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was denied disability insurance benefits by the Commissioner due to lack of disability and that she is disabled.

2

Dkt. No. 1 at 1. The complaint alleges that the Administrative Law Judge erred by relying on vocational testimony that was not based on up-to-date and reliable vocation resources and that the denial of benefits by the Commissioner is not supported by substantial evidence. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 18th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**